JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-04498-JHN-PJWx | Date | June 29, 2010 |
|---|---|---|---|
| Title | Cal. Housing Finance Agency v. Magdaleno Rivera Jimenez, et al. | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | | |
|---|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:** ORDER REMANDING CASE TO STATE COURT (In Chambers)

On June 18, 2010, Defendants Magdaleno Rivera Jimenez and Yolanda C. Rivera ("Defendants") removed this action to federal court from the Ventura Superior Court on the basis of federal question jurisdiction. However, for the reasons herein, the jurisdictional allegations are defective.

I. LEGAL STANDARD

Under 28 U.S.C. § 1441, the Court has removal jurisdiction over civil actions "arising under" federal law pursuant to 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The only exception to this rule is where the plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1372 (9th Cir. 1987). Moreover, the assertion of a federal defense to a state-law claim does not convert the state-law claim into one "arising under" federal law for purposes of federal-question jurisdiction. *See Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

The removing defendant bears the burden of proving, by a preponderance of the evidence, the facts supporting removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992) (citations omitted).

II. DISCUSSION

Here, Defendants fail to demonstrate the presence of a federal question. Although the Notice of Removal alleges that a claim in the present action arises under federal law (Notice of Removal ¶ 10), the Complaint's only cause of action is for unlawful detainer (Notice of Removal, Ex. A, Decl. for Court Assignment 1). No federal question is presented on the face of the Complaint, nor has a federal claim been disguised by artful pleading. That Defendants intend to assert a federal defense to the state-law claim contained in the Complaint, does not convert this straightforward unlawful detainer proceeding into a civil action arising under federal law. (Notice of Removal ¶ 7.)

**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-04498-JHN-PJWx | Date | June 29, 2010 |
|---|---|---|---|
| Title | Cal. Housing Finance Agency v. Magdaleno Rivera Jimenez, et al. | | |

Accordingly, Defendant has not met its burden of establishing removal jurisdiction by a preponderance of the evidence.

III.  CONCLUSION

**For these reasons, the Court REMANDS this case to the Superior Court of the State of California for the County of Ventura.**

IT IS SO ORDERED.

|  | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |